JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Mark Goings

## DEFENDANTS
Sgt Elliot, Ofc Dennes, Police Chief Heather Fong, City of San Francisco, and SFPD

(b) County of Residence of First Listed Plaintiff: Monterey County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

The Law Firm of Kallis & Assoc.
333 W San Carlos St Ste 800
San Jose CA 95110
(408) 971-4655    (408) 971-4644 fax

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [X] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983 et seq. 52 USC et seq

Brief description of cause:
false arrest & illegal detention under the color od authority

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 500,000 +
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE."

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE

SIGNATURE OF ATTORNEY OF RECORD
M. Henry Kallis

M. Jeffery Kallis (CA# 190028, WA # 28755, AK# 0410060)
The Law Firm Of Kallis & Assoc. p.c.
333 W. San Carlos Street, Suite 800
San Jose CA 95110
408-971.4655
408-971.4644 fax
M_J_Kallis@Kallislaw.Org

Attorney for Plaintiff

E filing

# UNTIED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

CV 08 2544 BZ

| | |
|---|---|
| Mark Goings, an individual, | ) Case # 106 CV 062763 |
| Plaintiff, | ) |
| | ) Complaint for Statutory, Compensatory, and Punitive Damages as allowed by law and for Attorney Fees and Costs as Allowed by Law for: violation of California Constitution Article 1, Paragraph 7 and violation of the 4th Amendment of the U.S. Constitution; Violation of California Civil Code ' 52 et seq.; Conspiracy to Violate Civil Rights and the following common law torts: False Arrest, and 42 USC 1983 – Monell Liability |
| vs. | ) |
| Sgt. Elliot as a San Francisco Police Officer and individually; Officer Dennes as a San Francisco Police Officer and individually; Heather Fong, as Chief of the San Francisco Police Department; The City of San Francisco; San Francisco Police Department, and DOES 1 Through Does 100, inclusive | ) |
| | ) Filed; |
| | ) Jury Trial Requested |
| Defendants | ) |

### Nature of Action

1. This action is brought to redress unlawful violation of the plaintiff's civil rights under 42 U.S.C § 1983 as amended, and for associated State tort actions arising from a common set of operative facts.

### Jurisdiction and Venue

2.  This Court has Jurisdiction over this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343, 1345 and 1367[a]. and California Civil Code Section 52 et. seq.

3.  Venue is proper in this Court and in this district in that the events and conduct alleged in this complaint occurred in this District, and in the San Francisco Division of this district.

### Parties

4. Plaintiff Mark Goings is, and at all times relevant was a United States Citizen, employed as a San Jose Police Officer and residing in Monterey County.

5. Defendants Elliot, Dennes and Fong are, and at all relevant times, were employed in the County of San Francisco, working for the San Francisco Police Department and were acting under color of law. All relevant and material actions referred to in this complaint took place in the City of San Francisco, County of San Francisco, State of California.

6. Plaintiff is informed and thereon believes that defendant Heather Fong is, and at all relevant times was, Chief of San Francisco Police Department and high ranking policy setting and supervisory employee of of the San Francisco Police Department.

7. The City of San Francisco and the San Francisco Police Department are the decision making and control group for the police department and are as such responsible for the actions of the employees, agents, contractors and representatives of San Francisco Police Department. As such the plaintiff names the entities as defendants in their capacity stated above.

8. Plaintiff is informed and believes and therein alleges the defendants Fong, Elliot and Dennes as well as the City of San Francisco and the San Francisco Police Department and the Doe defendants were the agents, employees, representatives, partners, alter egos, or authorized to act for each other and that the acts and/or statements of each defendant were ratified, approved and controlled by all the other defendants.

9. Plaintiff filed a tort claim in a timely fashion with both the City of San Francisco and Plaintiff's claim was rejected Claim Board.

10. The true names and capacities of defendants Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues by such fictitious names, and who will seek leave to amend to state their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that said Doe Defendants have joined, or threatened to join, the truly-named defendants in the commission of the civil wrongs hereafter alleged, in such fashion and to such an extent as to be liable to Plaintiff in damages and subject to exercise of this Court's equitable jurisdiction.

<u>Allegations common to all causes of action</u>

Plaintiff alleges:

11. Plaintiff Mark Goings was married to Shirley Goings. The marriage was terminated by stipulation and order dated February 15, 2006 by Judge Patricia M. Lucas. (a true and correct copy of the stipulation in order is attached as Exhibit 1).

12. Based upon the stipulation and order plaintiff is allowed to take his minor daughter to Hawaii and to return or within 14 days thereafter. In accord with the court order plaintiff took his minor daughter, Aubrey, to Hawaii on August 1, 2007. The itinerary indicates that the plaintiff and his daughter would return Tuesday, August 14, 2007 arriving in San Francisco at approximately 9:29 p.m.

13. In accord with the divorce and child custody order, plaintiff and his ex-wife Shirley agreed that the daughter would be picked up by the mother at either the assigned gate or at baggage claim assigned to the flight.

14. Approximately 35 minutes prior to landing plaintiff and all other passengers on United flight 62 from Hawaii to San Francisco were notified over the intercom that "the authorities in San Francisco will be boarding the aircraft upon our arrival at the airport."

15. At no time was plaintiff, his daughter Aubrey, or his significant other Candice McGregor, advised as to why the authorities were going to meet the aircraft and then boarded it.

16. Upon arrival in San Francisco the plane was stopped on the tarmac and was held for approximately 10 to 15 minutes. Once released from the tarmac United flight 62 proceeded to the gate, and upon arrival at the gate an announcement was made that all passengers were to remain seated but that Mark Goings was to proceed to the front of the airplane.

17. Plaintiff and his minor daughter proceeded to the front of the aircraft where they were met by a uniformed and armed officer. Plaintiff later determined that that officer was San Francisco police officer Dennes.

18. Officer Dennes demanded that plaintiff identify himself, which plaintiff did. At that point defendant Dennes ordered plaintiff and his minor daughter to proceed with him up the jet way. Plaintiff made several inquiries as to what was occurring and why he was being ordered off the airplane and to proceed up the jet way by a uniform and armed officer. In response to his inquiries plaintiff was told " ask my sergeant".

19. Plaintiff and his minor daughter were then ordered to proceed away from baggage claim and away from the jetway. At this point Sergeant Elliott appeared from the gate opposite the gate United 62 arrived at. Plaintiff once again inquired as to why he was being diverted and detained. Defendant Elliott responded "we are just trying to keep you out of trouble".

20. Elliott then advised the plaintiff that his ex-wife had called the police and advised the police that she feared plaintiff might bypass baggage claim and not exchange his daughter as they had agreed.

21. Neither Elliott nor Dennes articulated any factual basis for believing that plaintiff was not going to exchange his daughter with his ex-wife in a peaceful and lawful fashion.. Plaintiff made several clear and unambiguous requests to be allowed to proceed with his daughter and his significant other so that he could go to baggage claim, give his ex-wife physical custody of their minor child, and retrieve his baggage.

22. Defendants repeatedly denied and refuse to allow plaintiff and his daughter to leave. Plaintiff and his daughter were ordered to remain where they were and were kept in the airport terminal by two uniformed armed officers against their will. This detention/arrest lasted 10 to 15 minutes before the officers informed him plaintiff that he was to accompany them to baggage claim.

23. Plaintiff asked defendants Elliott and Dennes what information they had, if any, that suggested that plaintiff had been or was about to be engaged in illegal activity. Both Dennis and Elliott admitted they had no factual basis for believing that plaintiff had committed or was about to commit any criminal act.

24. Plaintiff made further inquiries as to why he could not go with his daughter to the baggage area without a police escort, one officer at his side and one behind him. Defendants failed to provide any factual basis other than to state that they were there in order to protect the plaintiff. The plaintiff had not requested and did not request police assistance.

25. By the time plaintiff, his daughter and the two escorting officers were half way to the baggage claim area the plaintiff stopped, and advised the defendants that he refused to go any further

with them and that they should either arrest him, or let him go. After about a minute of further refusals by the plaintiff to be accompanied, escorted, taken or marched to baggage claim area, defendants Elliot and Dennes told the plaintiff and his daughter that they could leave.

## FIRST CAUSE OF ACTION
## -ILLEGAL SEASURE;
## FALSE IMPRISONMENT & DETENTION
## 42 USC 1983
## (against Elliot and Dennes)

26. Plaintiff re-alleges and incorporates by reference paragraphs 4 through 25. into this First Cause of Action as if fully set forth herein.

27. On Aug. 14, 2007, Defendants Elliot and Dennes acting under color of authority and without probable cause or reasonable suspicion and not having specific and articulable facts, did detain Plaintiff for a period of time in excess of 25 minutes, thus falsely imprisoning the Plaintiff.

28. At no time relevant did the Plaintiff consent to have Defendants Elliot and Dennes detain, question, and or search his person or belongings.

29. The defendants knew there was no probable cause for Plaintiff Goings detention and that his actions did not create probable cause for an arrest or even a reasonable suspicion for detention, never the less detained the Plaintiff for over 20 minutes, thus violating his Constitutional Rights and committing the tort of false arrest.

30. Defendants acted oppressively and maliciously, engaging in despicable conduct with a willful and conscious disregard of the rights and safety of plaintiff. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

31. As a direct and proximate result of the defendants conduct plaintiff suffered multiple emotional injuries, fright, shock and extreme mental anguish and had to seek the care of a psychologist. Plaintiff suffered general damages in the amount to be determined at trial.

32. As a direct and proximate result of the defendants' conduct, plaintiff has suffered damage to his professional and interpersonal reputation and embarrassment within his community. Accordingly, Plaintiff has suffered general damage in an amount to be determined by proof at trial.

33. As a further direct and proximate result of the defendant's conduct, plaintiff was unable to engage in many of his normal life activities with his daughter without concern of additional police harassment when he flies into or out of San Francisco International Airport.

SECOND CAUSE OF ACTION
-VIOLATION OF CIVIL CODE § 52 et. Seq.
False Detention-Arrest and/or Imprisonment,
(Against Elliot and Dennes)

34. Plaintiff re-alleges and incorporates by reference paragraphs 4 through 25, and 27 through 33. into this First Cause of Action as if fully set forth herein.

35. On Aug. 14, 2007, Defendants Elliot and Dennes acting under color of authority and without probable cause or reasonable suspicion and not having specific and articulable facts, did detain Plaintiff for a period of time in excess of 25 minutes, thus falsely imprisoning the Plaintiff.

36. At no time relevant did the Plaintiff consent to have Defendants Elliot and Dennes detain, question, and or search his person or belongings.

37. The defendants knew there was no probable cause for Plaintiff Goings detention and that his actions did not create probable cause for an arrest or even a reasonable suspicion for detention, never the less detained the Plaintiff for over 20 minutes, thus violating his Constitutional Rights and committing the tort of false arrest.

38. Defendants acted oppressively and maliciously, engaging in despicable conduct with a willful and conscious disregard of the rights and safety of plaintiff. Plaintiff is therefore is entitled to punitive damages in an amount to be determined at trial.

39. As a direct and proximate result of the defendants conduct plaintiff suffered multiple emotion injuries, fright, shock and extreme mental anguish and had to seek the care of a a psychologist. Plaintiff suffered general damages in the amount to be determined at trial.

40. As a direct and proximate result of the defendants' conduct, plaintiff has suffered damage to his professional and interpersonal reputation and embarrassment within his community. Accordingly, Plaintiff has suffered general damage in an amount to be determined by proof at trial.

41. As a further direct and proximate result of the defendant's conduct, plaintiff was unable to engage in many of his normal life activities with his daughter without concern of additional police harassment when he flies into or out of San Francisco International Airport.

42. Defendants by their actions did intentionally and directly interfere, by the use of threat, intimidation, coercion, and violence, or did attempt to interfere by threats, intimidation, or coercion, and violence with the exercise or enjoyment by plaintiff of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this State as set forth in California Civil Code § 52 et.seq.

43. Specifically, on Aug. 14, 2007, Defendants Elliot and Dennes acting under color of authority detained the plaintiff for over 20 minutes without and reasonable suspicion, said detention was for a period well in excess of that needed to determine if there was any problem or potential problem. The Plaintiff clearly expressed that the detention was against his will. Defendants knew or should have known that there was no reasonable suspicion with articulable facts or probable cause for Plaintiff's stop, detention and or arrest. The detention of the plaintiff was in violation of the rights and protections set forth in the Constitution of the State of California and the United States and constitute a violation of Civil Code Section 52 et. Seq.

44. Defendants Elliot and Dennes acted oppressively and maliciously, engaging in despicable conduct with a willful and conscious disregard of the rights and safety of plaintiff. Defendants engaged in despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights. Plaintiff is therefore is entitled to punitive damages in an amount to be determined at trial.

45. Plaintiff is entitled to statutory damages under Civil Code 52 et. Seq in the amount of $25,000 for each separate violation of his civil rights and from each separate person who violated his civil rights.

SECOND CAUSE OF ACTION
- Conspiracy to Violate Civil Rights
42 USC 1983 and CC § 52 et seq
(Against ELLIOT and DENNES)

46.   Plaintiff re-alleges and incorporates by reference paragraphs 4 through 26, 27 through 33, 35 through 45 into this Third Cause of Action as if fully set forth herein.

47. On or August 14, 2007, Defendants Elliot and Dennes entered into an agreement under which said defendants, acting in concert, agreed to willfully and knowingly cover up their violation of Plaintiff's Civil Rights.

48. This voluntary agreement between the Defendants Elliot and Dennes to unlawfully cover up their violation of Plaintiff's civil rights occurred as each one of them knew, or should have reasonably known, that the acts detaining, the Plaintiff's were unlawful and therefore violated Plaintiff's civil rights. Defendants concocted a story to cover-up the violations and submitted false reports of what had happened during the incident.

49. Defendants Elliot and Dennes acted oppressively and maliciously, engaging in despicable conduct with a willful and conscious disregard of the rights and safety of plaintiff. Defendants engaged in despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights. Plaintiff is therefore is entitled to punitive damages in an amount to be determined at trial.

50. Plaintiff is entitled to all special damages associated with any cost incurred in dealing with the embarrassment and strain the incident caused to his relationship with his daughter and other significant damages to be determined at trial, and compensatory damages for pain and suffering to be proven at trial.

THIRD CAUSE OF ACTION
- 42 USC 1983 – Monell Liability
(against Fong and The City of San Francisco)

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50 into this Fifth Cause of Action.

52. Plaintiff is informed and believes that Defendant Fong is, and at all relevant times was, Chief of San Francisco Police Depatrent and final policy-making authority for SFPD.

53. Plaintiff is informed and believes that SFPD policy set and supervised by Defendant Fong includes common practices of training, hiring and providing discipline to SFPD peace officers. Thus, Plaintiff believes and thereon alleges that on August 14, 2007, Defendants Elliot and Dennes acted in accordance with instructions received in the course of SFPD training and hiring.

54. On August 14, 2007 Defendants Elliot and Dennes falsely detained, and effectively arrested, the Plaintiff. The Defendants violated Plaintiff's Constitutional and Civil Rights.

55. Plaintiff believes and thereon alleges that such unconstitutional acts of SFPD are common and analogous practices. Defendant Fong knew or should have known of the pattern of such acts but failed to apply reasonable preventative measures. Plaintiff made a tort claim and contacted SFPD Internal Affairs so that the department was on notice of the alleged illegal and improper acts of Elliot and Dennes and chose to do nothing, thus ratifying their violations of the plaintiff's civil rights.

56. As a direct and proximate result of Defendant Fongs' policy-making acts plaintiff suffered a violation of his civil rights as provided by the United States Constitution and the Constitution of the State of California as well as violation of CC § 52 et seq,, fright, shock and mental anguish and had to seek the care of a psychologist. Plaintiff suffered general damages in the amount to be determined at trial.

57. As a direct and proximate result of Defendant Fongs' policy-making practices plaintiff had to endure humiliation in front of his young daughter and significant other and suffered damages in an amount to be determined by proof at trial.

58. As a direct and proximate result of Defendant Fongs' conduct, or lack thereof, plaintiff has suffered great damage to his professional and interpersonal reputation and embarrassment within his community. Accordingly, Plaintiff has suffered general damage in an amount to be determined by proof at trial.

WHEREFORE, Plaintiff demands judgment against defendants, and each of them, as follows:

1. general Damages in an amount to be determined by proof at trial;

2. medical and related expenses in an amount to be determined by proof at trial;

3. impairment of earning capacity in an amount to be determined by proof at trial;

4. punitive damages in an amount to be determined at trial;

5. statutory damages of $25,000 per violation per violator as allowed by Civil Code ' 52 et. Seq

6. interest according to law;

7. costs of this action including attorney fees as authorized by 42 USC 1988 and CC 52 et seq;

8. Injunctive relief in the form of an Order requiring SFPD officers to take an additional 8 hours a year of training, above and beyond that required by POST, on police detention and arrest procedures and the limits thereof imposed by the Constitutions of the United States and the State of California

9. any other further relief that the court considers proper

Dated: May 16 / 2008          The Law Firm of Kallis & Assos.

                              By: M. Jeffery Kallis

                              JURY TRIAL REQUESTED

Plaintiff respectfully requests a jury trial as set forth under the Constitution of the United States and the Rules of Civil Procedure § 38. All issues and claims are to be trial by the Jury other than equitable requests under the Monel Claim.

Dated: May 16 2008            The Law Firm of Kallis & Assos.

*[signature]*
By: M. Jeffery Kallis

VERIFICATION

I am the plaintiff in this action; the foregoing allegations in the Complaint for Damages are true of my knowledge, except for the matters stated in it on my information or belief, as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Jose, California.

Dated: 5-15-08

_____
Mark Goings,  Plaintiff