DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
ROBERT A. BONTA, State Bar #202668
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4268
Facsimile:    (415) 554-3837
E-Mail:    robert.bonta@sfgov.org


Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO POLICE CHIEF HEATHER FONG
(IN HER OFFICIAL CAPACITY ONLY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MARK GOINGS, | Case No. 08-CV-02544-BZ |
| Plaintiff, | **DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND SAN FRANCISCO POLICE CHIEF HEATHER FONG'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY** |
| vs. | |
| SGT. ELLIOT, San Francisco Police Officer & Individually, DENNES, San Francisco Police Officer & Individually, HEATHER FONG, As Chief Of The San Francisco Police Department, CITY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT | |
| Defendants. | Trial Date:    Not Set |

Defendants **CITY AND COUNTY OF SAN FRANCISCO AND SAN FRANCISCO POLICE CHIEF HEATHER FONG,** in her official capacity only, (collectively "answering defendants" or "defendants") (San Francisco Police Department was erroneously sued and is a subdivision of the City and County of San Francisco) respond to Plaintiff's Complaint for Statutory,

Compensatory, and Punitive Damages ("Complaint") filed by Plaintiff MARK GOINGS ("Plaintiff") in this action as follows:

## I.     NATURE OF ACTION

1.     Paragraph 1 of the Complaint contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 2.

## II.     JURISDICTION AND VENUE

2.     Paragraph 2 of the Complaint states legal theories and conclusions to which no response is required.

3.     Paragraph 3 of the Complaint states legal theories and conclusions to which no response is required.

## III.     PARTIES

4.     In response to Paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

5.     In response to the first sentence of Paragraph 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said sentence, and on that basis deny each and every allegation contained therein.  In response to the second sentence of Paragraph 5, defendants deny the allegations therein.

6.     In response to Paragraph 6 of the Complaint, defendants admit that Chief Heather Fong is the Chief of the San Francisco Police Department.   The remainder of the paragraph contains no factual allegations but rather Plaintiff's legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every remaining allegation in Paragraph 6.

7.     Paragraph 7 of the Complaint contains no factual allegations but rather Plaintiff's legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 7.

8.      Paragraph 8 of the Complaint contains no factual allegations but rather Plaintiff's legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 8.

9.      In response to Paragraph 9 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

10.      In response to Paragraph 10 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

## IV.    ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.      In response to Paragraph 11 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

12.      In response to Paragraph 12 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

13.      In response to Paragraph 13 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

14.      In response to Paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

15.      In response to Paragraph 15 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

16.     In response to Paragraph 16 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

17.     In response to Paragraph 17 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

18.     In response to Paragraph 18 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

19.     In response to Paragraph 19 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

20.     In response to Paragraph 20 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

21.     In response to Paragraph 21 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

22.     In response to Paragraph 22 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

23.     In response to Paragraph 23 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

24.     In response to Paragraph 24 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

25.     In response to Paragraph 25 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

**V.      FIRST CAUSE OF ACTION:  ILLEGAL SEIZURE, FALSE IMPRISONMENT & DETENTION (42 USC 1983) (AGAINST ELLIOT AND DENNES)**

26.     In response to Paragraph 26 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 4 through 25 of the Complaint, as though fully set forth herein. Paragraph 26 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 26.

27.     Paragraph 27 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 27.

28.     Paragraph 28 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 28.

29.     As to the portion of Paragraph 29 alleging what defendants knew, defendants deny these allegations.  As to the portion of Paragraph 29 dealing with the alleged length of the alleged detention, defendants are without sufficient knowledge or information to form a belief as to the truth of said allegation, and on that basis deny the allegation.  The balance of Paragraph 29 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every remaining allegation in Paragraph 29.

30.     Paragraph 30 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 30.

31.    Paragraph 31 mostly contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 31.  As to the portion of Paragraph 31 dealing with plaintiff's alleged injuries / damages, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every such allegation.

32.    Paragraph 32 mostly contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 32.  As to the portion of Paragraph 32 dealing with plaintiff's alleged injuries / damages, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every such allegation.

33.    Paragraph 33 mostly contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 33.  As to the portion of Paragraph 33 dealing with plaintiff's alleged injuries / damages, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every such allegation.

**VI.    SECOND CAUSE OF ACTION:  VIOLATION OF CIVIL CODE § 52, FALSE DETENTION-ARREST AND/OR IMPRISONMENT (AGAINST ELLIOT AND DENNES)**

34.    In response to Paragraph 34 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 4 through 25 and 27 through 33 of the Complaint, as though fully set forth herein.  Paragraph 34 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 34.

35.    Paragraph 35 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 35.

36.    Paragraph 36 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 36.

37.    As to the portion of Paragraph 37 alleging what defendants knew, defendants deny these allegations.  As to the portion of Paragraph 37 dealing with the alleged length of the alleged detention, defendants are without sufficient knowledge or information to form a belief as to the truth of said allegation, and on that basis deny the allegation.  The balance of Paragraph 37 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every remaining allegation in Paragraph 37.

38.    Paragraph 38 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 38.

39.    Paragraph 39 mostly contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 39.  As to the portion of Paragraph 39 dealing with plaintiff's alleged injuries / damages, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every such allegation.

40.    Paragraph 40 mostly contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed

required, Defendants deny each and every allegation in Paragraph 40.  As to the portion of Paragraph 40 dealing with plaintiff's alleged injuries / damages, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every such allegation.

41.    Paragraph 41 mostly contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 41.  As to the portion of Paragraph 33 dealing with plaintiff's alleged injuries / damages, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every such allegation.

42.    Paragraph 42 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 42.

43.    Paragraph 43 either contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required (to the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 43) or Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

44.    Paragraph 44 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 44.

45.    Paragraph 45 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 45.

## VII.    SECOND [SIC] CAUSE OF ACTION:  Conspiracy to Violate Civil Rights, 42 USC 1983 AND CC § 52 ET SEQ (AGAINST ELLIOT AND DENNES)

46.      In response to Paragraph 46 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 4 through 26, 27 through 33, and 35 through 45 of the Complaint, as though fully set forth herein.  Paragraph 46 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 46.

47.      Defendants deny the allegations in Paragraph 47 of the Complaint.

48.      Defendants deny the allegations in Paragraph 48 of the Complaint.

49.      Paragraph 49 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 49.

50.      Paragraph 50 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 50.

## VIII.   THIRD [SIC] CAUSE OF ACTION:  42 USC 1983, MONELL LIABILITY (AGAINST FONG AND THE CITY OF SAN FRANCISCO)

51.      In response to Paragraph 51 of the Complaint, Defendants incorporate by reference their answers to Paragraphs 1 through 50 of the Complaint, as though fully set forth herein. Paragraph 51 contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 51.

52.      In response to Paragraph 52 of the Complaint, defendants admit that Chief Heather Fong is the Chief of the San Francisco Police Department.   The remainder of the paragraph contains no factual allegations but rather Plaintiff's legal theories and conclusions, statements to which no

response is required.  To the extent a response is deemed required, Defendants deny each and every

remaining allegation in Paragraph 52.

53.    Paragraph 53 contains no factual allegations but rather Plaintiff's legal theories and

conclusions and allegations made only on "information and belief," statements to which no response

is required.  To the extent a response is deemed required, Defendants deny each and every allegation

in Paragraph 53.

54.    Paragraph 54 contains no factual allegations but rather Plaintiffs' legal theories and

conclusions, statements to which no response is required.  To the extent a response is deemed

required, Defendants deny each and every allegation in Paragraph 54.

55.    Paragraph 55 contains no factual allegations but rather Plaintiff's legal theories and

conclusions and allegations made only on "information and belief," statements to which no response

is required.  To the extent a response is deemed required, Defendants deny each and every allegation

in Paragraph 55.

56.    Paragraph 56 mostly contains no factual allegations but rather Plaintiffs' legal theories

and conclusions, statements to which no response is required.  To the extent a response is deemed

required, Defendants deny each and every allegation in Paragraph 56.  As to the portion of Paragraph

56 dealing with plaintiff's alleged injuries / damages, Defendants are without sufficient knowledge or

information to form a belief as to the truth of the allegations, and on that basis deny each and every

such allegation.

57.    Paragraph 57 mostly contains no factual allegations but rather Plaintiffs' legal theories

and conclusions, statements to which no response is required.  To the extent a response is deemed

required, Defendants deny each and every allegation in Paragraph 57.  As to the portion of Paragraph

57 dealing with plaintiff's alleged injuries / damages, Defendants are without sufficient knowledge or

information to form a belief as to the truth of the allegations, and on that basis deny each and every such allegation.

58.    Paragraph 58 mostly contains no factual allegations but rather Plaintiffs' legal theories and conclusions, statements to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation in Paragraph 58.  As to the portion of Paragraph 58 dealing with plaintiff's alleged injuries / damages, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every such allegation.

## IX.    REQUEST FOR RELIEF

1-9.    Paragraph 1-9 of the Complaint contains no factual allegations, but rather Plaintiffs' request for relief, a statement to which no response is required.

## X.    JURY TRIAL DEMANDED

This section of the Complaint contains no factual allegations, but rather Plaintiff's demand for a jury trial, a statement to which no response is required.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint fails to state facts sufficient to constitute a claim against each Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 et seq., California Government Code § 945.6, and other applicable statutes of limitations.

1

2

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

3

4

5

6

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any from Defendants.

7

8

### FOURTH AFFIRMATIVE DEFENSE

### (Causation)

9

10

11

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that that any act or omission on the part of Defendants or his agents, was not the legal cause of Plaintiff's alleged injuries.

12

13

### FIFTH AFFIRMATIVE DEFENSE

### (No Damage To Plaintiff)

14

15

16

As and for a separate, distinct affirmative defense to the Complaint, Defendants deny that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of Defendant.

17

18

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Comply With California Tort Claims Act)

19

20

21

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that to the extent Plaintiff failed to comply with provisions of the California Tort Claims Act of the California Government Code (Government Code §810 et seq.), Plaintiff's Complaint is barred.

22

### SEVENTH AFFIRMATIVE DEFENSE

23

### (Good Faith)

24

25

26

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that Defendants and his agents were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

27

28

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

**(Estoppel)**

3

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that

4

by reason of Plaintiff's own acts and omissions, Plaintiff is estopped from seeking any recovery from

5

Defendants by reason of the allegations set forth in the Complaint.

6

**NINTH AFFIRMATIVE DEFENSE**

7

**(Unclean Hands)**

8

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that

9

the Complaint and each cause of action therein are barred by the doctrine of unclean hands.

10

**TENTH AFFIRMATIVE DEFENSE**

11

**(Waiver)**

12

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that

13

by reason of Plaintiff's own acts and omissions, Plaintiff has waived any right to recovery from

14

Defendants by reason of the allegations set forth in the Complaint.

15

**ELEVENTH AFFIRMATIVE DEFENSE**

16

**(Common Law Immunity)**

17

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that

18

Defendant, as a member of the SFPD, is immune from any liability therein under the common law

19

doctrine of immunity of police officers executing statutes in good faith, which statutes are presumed

20

valid at the time of such execution.

21

**TWELFTH AFFIRMATIVE DEFENSE**

22

**(No Constitutional Violation)**

23

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that

24

the Complaint fails to state a violation of any of the provisions of the United States Constitution cited

25

by Plaintiff and applicable to this action.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Discrimination Against Plaintiff)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that Defendants in no way based their decisions and actions at issue herein, or their treatment of Plaintiff, on any group or identification to which Plaintiff might belong including race, gender, sexual orientation, political affiliation, political beliefs, or any other classification. At all times, Defendants and his agents acted properly in valid law enforcement activities.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Qualified/Absolute Immunity)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that they enjoy qualified immunity, and/or absolute immunity against each and every one of Plaintiff's federal claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Discretionary Immunity)

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that he enjoys discretionary immunity pursuant to California Government Code §820.2 against each and every one of Plaintiff's state claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Lawsuit)

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling Defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Intent to Harm)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants alleges that at all times and places mentioned in the Complaint,

Defendants acted without malice and with a good faith belief in the propriety of their conduct, and did not intend to harm or deprive Plaintiff of any rights under federal or state constitutions, or federal or state statutes.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Discharge of Duties in Good Faith)**

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, Defendants alleges that at all times mentioned in the Complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Privilege, Justification)**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants alleges that his conduct at all times material herein was privileged and/or justified under applicable law.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Supervening Events)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that any injury suffered by Plaintiff was caused by supervening events over which Defendants had no control.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in said Complaint; that said negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against this Defendants by virtue of said Complaint, Defendants prays that the recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff's Recklessness)

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligence manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claims are barred.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Fault of Others)

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that the fault of persons other than Defendants contributed to and proximately caused the occurrence; and that under the principles formulated in the case of *American Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), Defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that Defendant's ultimate liability be reduced to the extent of such contribution.

1

2

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

## (Statutory Immunity)

The City and its employees are immune from all liability alleged in the complaint and each and every cause of action therein pursuant to Government Code Sections 815(b); 815.2(b); 815.4; 818.4; 818.6, 818.7; 818.8; 820(b); 820.2; 820.4; 820.6; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8;  835.4; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; California Vehicle Code sections 16004 and 17004.7; California Penal Code sections 142, 148, 409, 834a, 834, 835, 835a, 836, 844, 845, 847, 849, 1531 and 1532; California Welfare and Institutions Code sections 5150, 5113, 5153, 5154, 5173; and Civil Code section 43.5 and related provisions of these code sections and interpretative case law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

## (Self Defense And Defense Of Others)

Defendants allege that if in fact any force was used against plaintiff, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged and/or justified by law, and any recovery pursuant to said use of force is barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

## (Res Judicata and Claim Splitting)

The complaint and each and every cause of action therein is barred by res judicata and the case law prohibiting a plaintiff from "splitting" claims or causes of action. *Ferraro v. Southern Cal. Gas Co.*, 102 Cal.App.3d 33, 41 (1980).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

## (Laches)

Plaintiff has unnecessarily delayed in protecting the right or rights asserted and have unreasonably delayed in bringing this action, and are therefore guilty of laches and are consequently not entitled to the relief sought.

1

2

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Assumption Of The Risk)

3

4

5

6

Plaintiff has full knowledge of the risk involved in the activity in which plaintiff was engaged at the time of the occurrence of the incident set forth in the complaint.  Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in the complaint, and the loss or damage, if any, sustained by plaintiff was caused by those risks.

7

## TWENTY-NINTH AFFIRMATIVE DEFENSE

8

### (Lack of Personal Jurisdiction Over Defendants)

9

10

11

Defendants allege that the Court lacks personal jurisdiction over Defendants as a result of plaintiff's failure to comply with the Federal Rules of Civil Procedure and the requirements of federal due process.

12

## THIRTIETH AFFIRMATIVE DEFENSE

13

14

15

Defendants allege that at all times material hereto the Defendants had reasonable and probable cause to detain, restrain and arrest Plaintiff based on violations of the California Penal Code. California Vehicle Code and San Francisco Police Code.

16

## THIRTY-FIRST AFFIRMATIVE DEFENSE

17

18

19

Defendants allege that at all times mentioned in Plaintiff's Complaint, the Defendants acted in accordance with and pursuant to the California Penal Code, including without limitation §§834, 834a 835, 835a, 836, and 853.

20

## THIRTY-SECOND AFFIRMATIVE DEFENSE

21

22

Defendants allege that all activities taken regarding the allegations in the Complaint were undertaken for valid law enforcement and/or prosecutorial initiatives.

23

## THIRTY-THIRD AFFIRMATIVE DEFENSE

24

25

Defendants allege that they are immune from liability because the Defendants, their agents, officers and employees were acting to execute or enforce the law.

26

27

28

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants allege that they are immune from liability because the Defendants, their agents, officers and employees were instituting or prosecuting a judicial or administrative proceeding.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants allege that at all times mentioned in the Complaint, the Defendants, their agents, officers and employees had reasonable cause to investigate the matters at issue in the Complaint, and probable cause to arrest and/or detain Plaintiff.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that Defendants, City employees, agents and officers, enjoy discretionary immunity against each and every one of Plaintiff's stated claims.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that no more force was used on Plaintiff's person than was necessary to affect detention, overcome any resistance thereto, prevent escape there from, prevent injury to the officers and/or to facilitate and safeguard a valid police investigation.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that at all times relevant to Plaintiff's Complaint herein, Plaintiff knowingly, voluntarily and/or willingly consented to the use of force upon his person.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants allege the provisions of the California Tort Claims Act of the California Government Code as a measure of the duties of the Defendants.

### FORTIETH AFFIRMATIVE DEFENSE

Defendants allege that they are immune from any assessment of punitive damages.

1

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing from Defendants;

2. That the Complaint against Defendants be dismissed with prejudice;

3. That Defendants recover their costs of suit herein, including attorneys' fees; and

4. For such other relief as is just and proper.

Dated:  June 19, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
ROBERT A. BONTA
Deputy City Attorney


By:_____/s/_____
ROBERT A. BONTA

Attorneys for CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY ONLY)

1

2                          **DEMAND FOR JURY TRIAL**

3          PLEASE TAKE NOTICE that Defendants hereby demand a trial by jury in this matter.

4

5

6   Dated:  June 19, 2008

7                                    DENNIS J. HERRERA
                                     City Attorney
8                                    JOANNE HOEPER
                                     Chief Trial Deputy
9                                    ROBERT A. BONTA
                                     Deputy City Attorney
10

11
                                 By:_____/s/_____
12                                   ROBERT A. BONTA

13                                   Attorneys for CITY AND COUNTY OF SAN
                                     FRANCISCO, SAN FRANCISCO POLICE CHIEF
14                                   HEATHER FONG (IN HER OFFICIAL CAPACITY
                                     ONLY)
15

16

17

18

19

20

21

22

23

24

25

26

27

28