DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
ROBERT A. BONTA, State Bar #202668
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4268
Facsimile:     (415) 554-3837
E-Mail:        robert.bonta@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO POLICE CHIEF HEATHER FONG
(IN HER OFFICIAL CAPACITY ONLY),
DEFENDANT OFFICER DENNES, SGT. DAVID ELLIOT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GOINGS, | Case No. 08-CV-02544-PJH |
| Plaintiff, | STIPULATED PROTECTIVE ORDER AS MODIFIED BY THE COURT |
| vs. | |
| SGT. ELLIOT, San Francisco Police Officer & Individually, DENNES, San Francisco Police Officer & Individually, HEATHER FONG, As Chief Of The San Francisco Police Department, CITY OF SAN FRANCISCO, and SAN FRANCISCO POLICE DEPARTMENT | Trial Date:        Not Set |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1.	CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents containing peace officer personnel records, official information and any other such documents that a party in good faith has determined to be confidential.  A Party shall attempt to stamp "Confidential" on all such documents prior to production.  In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by the producing Party, the party who notices this oversight shall nonetheless treat such documents as CONFIDENTIAL INFORMATION.  Such party shall also immediately make the labeling oversight known to the other parties and the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.

2.	The CONFIDENTIAL INFORMATION shall not be exhibited, displayed or otherwise disclosed by any Party's Counsel (or authorized persons described in Section 7) to other persons except as specifically provided herein (the limitations on use of CONFIDENTIAL INFORMATION set forth herein are meant to apply only to a party's, party's counsel's, or party's retained expert, investigator or consultant's use of the CONFIDENTIAL INFORMATION designated by counsel for the opposing party and not to limit in any way a party or party's counsel's use of his own CONFIDENTIAL INFORMATION).

3.	All documents, including, but not limited to, audiotapes, videotapes, photographs, transcripts, etc., related to any criminal investigation incidental to the event forming the basis of this lawsuit shall be also be deemed CONFIDENTIAL INFORMATION, within the meaning of this stipulation.

4.	A Party may challenge another party's designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, ~~under seal~~, with the Court. that complies with all local rule requirements.

5.	Unless disclosure is ordered by the Court, attorneys for the party  designating the CONFIDENTIAL INFORMATION  shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise opposing counsel  in writing if this determination is made.

6.	Any CONFIDENTIAL INFORMATION that is disclosed or produced by any party or non party in connection with this case may be used by the opposing party only for prosecuting,

STIPULATION RE PROTECTIVE ORDER
USDC CASE NO.  08-CV-02544-PJH

2

defending, or attempting to settle this litigation. CONFIDENTIAL INFORMATION may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, all parties or non parties that have received CONFIDENTIAL INFORMATION must comply with the provisions of Section 13, below.

All parties or non parties that have received CONFIDENTIAL INFORMATION must store and maintain it in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. Party's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION designated by the other party only to the following categories of person and no other unless authorized by order of the Court:

   a. The Party and Party's Counsel;

   b. Experts, investigators or consultants retained by a party's Counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A. A Party's counsel shall file and serve that document upon its execution; however, counsel shall not be required to file any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

8. Unless otherwise stipulated to by the party designating CONFIDENTIAL INFORMATION, any use of CONFIDENTIAL INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any papers or pleadings filed with the Court, ~~shall~~ may be filed under seal pursuant to the Court's rules and procedures (see Northern District of California Civil Local Rule 79-5). The sealed envelopes shall be endorsed with the caption of this litigation, and an indication of the nature of the contents of the envelopes and a statement substantially in the following form:

"This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order

1 of the Court or written consent of the party designating this information as confidential pursuant to

2 Protective Order."

3    9.   In the event any person desires to exhibit documents or disclose CONFIDENTIAL

4 INFORMATION covered under this stipulation during trial or pretrial proceedings, such person shall

5 meet and confer with counsel for the party designating the CONFIDENTIAL INFORMATION to

6 reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method

7 for disclosure, and if the party designating the CONFIDENTIAL INFORMATION does not agree to

8 such disclosure, the party seeking to disclose the CONFIDENTIAL INFORMATION ~~shall~~ may move the

9 Court for an Order as to the relevance and materiality of the CONFIDENTIAL INFORMATION and

10 as to whether the CONFIDENTIAL INFORMATION may be disclosed.  Unless otherwise agreed, or instructed by the court,

11 transcripts and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered

12 under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the

13 provisions of this PROTECTIVE ORDER.  The Court Reporter shall mark as "Confidential" any

14 deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any

15 reference to CONFIDENTIAL INFORMATION.

16    10.   If a party who has received CONFIDENTIAL INFORMATION learns that, by

17 inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in

18 any circumstance not authorized under this PROTECTIVE ORDER, the party must immediately (a)

19 notify the other party's attorney in writing of the unauthorized disclosures, (b) use its best efforts to

20 retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to

21 whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person

22 or persons to execute the document that is attached hereto as Exhibit A.

23    11.   Any inadvertent disclosure made in violation of this PROTECTIVE ORDER does not

24 constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the

25 parties, or further order of this Court.

26    12.   All documents covered by this PROTECTIVE ORDER and copies thereof (including

27 those in the possession of experts, consultants, investigators, etc.) designated by opposing counsel

28 will be returned to opposing counsel at the termination of this litigation, through final judgment,

STIPULATION RE PROTECTIVE ORDER               4
USDC CASE NO.  08-CV-02544-PJH

1  appeal, or by whatever means resolved.  On final disposition of this case, counsel for the parties, and
2  all other persons subject to this Order (including experts, consultants, and investigators), shall within
3  30 days after the final disposition of this case, without request or further order of this Court, return all
4  CONFIDENTIAL INFORMATION designated by opposing counsel to opposing counsel.  The
5  provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue to be
6  binding after the conclusion of the action, and this Court will have jurisdiction to enforce the terms of
7  this PROTECTIVE ORDER.

8      13.    Should any party fail to comply with this PROTECTIVE ORDER, that party and that
9  party's counsel shall be liable for all costs associated with enforcing this agreement, including but
10 not limited to all attorney fees in amounts to be determined by the Court.  The Party and Party's
11 counsel may also be subject to additional sanctions or remedial measures, such as contempt,
12 evidentiary or terminating sanctions.

13      IT IS SO STIPULATED.

14 Dated: October 1, 2009                    DENNIS J. HERRERA
                                             City Attorney
15                                           JOANNE HOEPER
                                             Chief Trial Deputy
16                                           ROBERT A. BONTA
                                             Deputy City Attorney
17

18                                              /s/
                                          By:_____
19                                           ROBERT A. BONTA

20                                           Attorneys for Defendants

21                                           CITY AND COUNTY OF SAN FRANCISCO,
                                             SAN FRANCISCO POLICE CHIEF HEATHER FONG
22                                           (IN HER OFFICIAL CAPACITY ONLY),
                                             DEFENDANT OFFICER DENNES, SGT. DAVID
23                                           ELLIOT

24

25 Dated: October 1, 2009                    THE LAW FIRM OF KALLIS, APC

26
                                          By:     /s/
27                                           JEFFERY M. KALLIS
                                             Attorney for Plaintiff
28

**STIPULATION RE PROTECTIVE ORDER**              5
**USDC CASE NO.  08-CV-02544-PJH**

1   ORDER
2
3        Pursuant to this stipulation, IT IS SO ORDERED
4
5   Dated: __10/15/09_____        _____
                                   HON. PHYLLIS J. HAMILTON
6                                  UNITED STATES DISTRICT JUDGE



EXHIBIT A

AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE

ORDER FOR CONFIDENTIAL INFORMATION

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION.  I agree to abide by all terms of the Order.  In addition, I specifically understand and agree to the following:

1. I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

3. I agree not to make copies of the CONFIDENTIAL INFORMATION.

4. I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

5. I understand that if I violate any of the terms of the Protective Order, then the party who provided me with the CONFIDENTIAL INFORMATION, that party's Counsel, and I may be subject to sanctions or possible contempt.

AGREED:

_____

DATE:

_____


_____
SIGNATURE

_____
PRINT NAME